```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        :


     v.                         :
                                      Criminal No. AMD-00-0242
                                      Civil Action No. AMD-00-91
RONALD ALEXANDER                :
```

...oOo...

**GOVERNMENT'S MOTION UNDER 28 U.S.C. 2255
TO DISMISS SUBSEQUENT PETITION
CHARACTERIZED AS RULE 60 MOTION**

The United States of America, by its undersigned counsel, Rod J. Rosenstein, United States Attorney for the district of Maryland and Jamie M. Bennett, Assistant United States Attorney for said district, respectfully submits this response to the Petitioner's rule 33 Motion.

**STATEMENT OF FACTS**

The procedural posture of the case is as follows: Petitioner was indicted on federal drug charges on May 12, 2000. On December 13, 2000, a Superseding Indictment was returned. Count One of both the Original and the Superseding Indictments charged Mr. Alexander with Conspiracy to Distribute Narcotics, in violation of 21 U.S.C. §846.  The only difference between the two Indictments is the time period over which the charged conspiracy

1

extended: in the Original Indictment the conspiracy was alleged to have occurred between 1997 and May, 2000; in the Superseding Indictment the conspiracy was alleged to have occurred between 1998 and May, 2000.

On March 6, 2001, after a jury had been sworn and four days of testimony heard, Mr. Alexander decided to plead guilty. Mr. Alexander agreed to plead guilty to Count One of the Original Indictment and conceded that he qualified for treatment as a Career Offender under U.S.S.G.§4B1.1, based upon his two prior state convictions for drug trafficking. Finally, the plea agreement required Mr. Alexander to waive his right to file a habeas petition under 28 U.S.C. §2255. Today, Mr. Alexander seeks to have his judgment amended because, although he pleaded guilty to Count One of the *Original* Indictment, the Judgment and Commitment Order issued by the Court actually sentenced him on Count One of the *Superseding* Indictment.

On January 11, 2006 Alexander filed a motion under Section 2255 challenging his conviction and sentence, alleging that he should be resentenced under *Shepard v. United States*, 542 U.S. 918 (2004) and *United States v. Booker*, 543 U.S.918 (2005). In that Motion, Alexander also raised the issue he has raised here about his Judgement and Commitment Order referencing the wrong

Count of the Superseding Indictment.  On April 3, 2006, this Court denied the Motion to Vacate under 28 U.S.C. 2255 and Alexander filed a notice of appeal on June 1, 2006.  On February 22, 2007, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.  On May 29, 2008, Alexander filed the current motion. This is nothing more than a successive habeas petition in disguise.  This Motion should be dismissed under the provisions of the AEDPA which place limitations on a prisoner's right to file a second habeas petition.

## ARGUMENT

### I. THE RULE 33 MOTION CAN ONLY BE VIEWED AS A SUCCESSIVE PETITION PROHIBITED BY 28 U.S.C. § 2255

Alexander seeks to circumvent the limitations of the AEDPA by filing a second habeas petition without meeting the stringent procedural and substantive requirements set forth in that statute.  As this Court is well aware, Title 28, United States Code Section 2255 provides that "[s] second or successive [habeas] motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have

found the movant guilty of the offense; or: (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. If the Court of Appeals does not issue such a certification, the petition must be dismissed.  It is clear that Alexander has not sought, much less obtained, such a certificate.

Alexander may not circumvent the provisions of the AEDPA simply by filing a habeas petition that is conveniently labeled as something else. In United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit addressed this precise issue. There, a defendant had filed what purported to be a Rule 60 motion to reconsider the district court's denial of his habeas petition. The Fourth Circuit noted that the district courts needed to be on guard against attempts by prisoners to avoid the stringent requirements of the AEDPA's prohibition on successive habeas petitions by attaching creative labels to their motions. Id. at 203.

In Winestock, the Fourth Circuit held that it was the district court's responsibility to carefully examine every post-conviction motion filed by a prisoner to determine what relief was really sought, in order to avoid attempts to circumvent the ban on successive petitions, noting that this responsibility

4

"comports with the longstanding practice of courts to classify pro se pleading from prisoners according to their contents, without regard to their captions." Id. at 203. This practice has gained even more importance since the passage of the AEDPA, which "placed[d] significant restrictions on prisoner litigation and thus elevate[d] the degree of caution that courts must exercise when determining how to classify prisoner pleadings." Id.

In Winestock, the Fourth Circuit set forth general rules for the district courts to apply to determine whether a motion filed by a petitioner subsequent to the denial of his first habeas motion is actually a successive petition in disguise. The Fourth Circuit held that "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application . . . thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications." The Court also noted that "new legal arguments or proffers of additional evidence will usually signify that the prisoner is . . . continuing his collateral attack on his conviction or sentence." Id. at 207.

5

The Court must evaluate Alexander's Rule 33 Motion in light of these general principles.  It is clear that Alexander's current Motion is nothing more than a continuation of his attack on his conviction and sentence.  In fact, his contention here is identical to the one he made in his Rule 2255 Motion in January, 2006.  Furthermore, the error Alexander claims is not of the type that is cognizable on habeas review, as it does not present an error of constitutional dimensions or of such a fundamental magnitude that a miscarriage of justice would result if it were not corrected, circumstances that must be present before a Court will invoke its habeas jurisdiction.  Since there is no practical difference between the indictment to which he pleaded guilty and the one upon which he was sentenced, the error had no effect whatsoever on the sentence he received.  It is not at all clear why Alexander continues to press this issue since amendment of the Commitment Order will have no substantive effect on his sentence. [1]

In order to even file a second petition, Alexander must qualify for a certificate from the Fourth Circuit.  Alexander can

---

[1] The cases upon which Alexander relies, *United States v. Cook*, 890 F.2d 672 (4th Cir. 1989) and *United States v. Rico*, 902 F.2d 1065 (2d Cir. 1990) both involve situations where the amendments resulted in a substantive change to the sentences at issue.

do that by establishing either that he has discovered new evidence that establishes by clear and convincing evidence that no rational fact finder would have found him guilty or that he has a new claim based upon a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court.  Alexander makes no claim to have discovered new evidence, not does he claim the advantage of a new rule of constitutional law.  But even if Alexander claimed the discovery of new evidence, the Fourth Circuit has made it clear that the "newly discovered evidence" exception to the ban on successive petitions is not available to assert errors that only go to sentencing issues.  *United States v. Vial*, 115 F.3d 1192 (4th Cir. 1997).  There is absolutely no likelihood that the Fourth Circuit would grant Alexander  a certificate of merit based upon the argument he has presented in his Rule 60 Motion.

## **CONCLUSION**

For the reasons presented above, the Rule 60 Motion should be dismissed without further proceedings.

                            Respectfully submitted,

                            Rod S. Rosenstein
                            United States Attorney


                        By:___/s/_____
                            Jamie M. Bennett
                            Assistant United States Attorney
                            36 South Charles Street
                            Fourth Floor
                            Baltimore, Maryland 21201
                            (410) 209-4800

CERTIFICATE OF SERVICE

This is to certify that on this 10th day of June, 2008, a copy of the Government's Motion Dismiss Rule 33 Motion was mailed by first class mail, postage pre-paid, to the petitioner: Ronald Alexander, Reg. No. 34187-037, Ray Brook FCI, 300 Old Raybrok Road, Raybrook, N.Y.

       /s/
Jamie M. Bennett
Assistant United States Attorney